IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD A. JOHNSON,

                Plaintiff,

v.                                                                           OPINION and ORDER

JUSTICE POINT SECURITY TECHNOLOGIES,
DEVICE, KEVIN A. CARR, REGIONAL CHIEF UNIT              23-cv-65-jdp
517, and MATT ROKUS,

                Defendants.[1]

---

Pro se plaintiff Richard Johnson is suing several defendants on multiple grounds. Johnson doesn't clearly identify the claims he intends to assert, but a review of the complaint reveals that his allegations relate to three issues: (1) the electronic monitoring device he is required to wear is defective, which led to an improper arrest for being in an unauthorized location; (2) law enforcement officials are aware that the devices they are using are defective, but they continue to use the devices anyway without doing anything to confirm or improve their accuracy; and (3) law enforcement officials are improperly applying Wis. Stat. § 301.46(2m)(am) to him.

Johnson's complaint must be screened in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening a pro se litigant's

---

[1] Chizaram Paulcent Okoroji was named in the complaint as a plaintiff, but he neither paid the filing fee nor submitted a request to proceed *in forma pauperis* under 28 U.S.C. § 1915, so he was dismissed. *See* Dkt. 3.

complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Johnson must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

I cannot allow Johnson to proceed because his complaint doesn't state a claim under federal law, and he hasn't shown that the court has jurisdiction over any state-law claims. But I will give Johnson an opportunity to file an amended complaint that fixes the problems identified in this order.

ALLEGATIONS OF FACT

Johnson doesn't include a clear factual narrative in his complaint, but the following allegations are drawn from his complaint, the attachments to his complaint, and court records. In 2018, Johnson was convicted of sexual assault of a minor and child enticement in Wisconsin state court. After serving a prison sentence, he was released on extended supervision, but one of his conditions of release was to wear an electronic monitoring bracelet because he was prohibited from going to certain places where minors were likely to be.

Johnson lives in Eau Claire, Wisconsin. On December 11, 2022, police officers came to his home and arrested him because his electronic monitor falsely indicated that he had gone into a restricted zone. At the relevant time, Johnson had been shoveling the driveways of his neighbors, which are not in a restricted zone. On December 13, he was released after it was discovered that his electronic monitor had malfunctioned.

Johnson identifies no other examples in which his electronic monitor malfunctioned, but he points to the experience of his roommate, Chizarem Paulcent Okoroji, who Johnson

says was falsely arrested twice—once in 2013 and once in 2018—because his electronic monitor had falsely indicated that he was somewhere he wasn't supposed to be. On a third occasion in early 2023, Okoroji was threatened with arrest because his electronic monitor falsely indicated that he had tampered with the device. Okoroji's agent later told him that "this [is] something that happens often." Dkt. 1, ¶ 17.

ANALYSIS

The court's first task is to determine which claims Johnson is asserting against which defendants. The caption of Johnson's complaint identifies five defendants: (1) Justice Point Security Technologies; (2) Device; (3) Kevin A. Carr (the secretary for the Wisconsin Department of Corrections); (4) Regional Chief Unit 517; and (5) Matt Rokus (the Eau Claire police chief). It isn't clear what "Device" is, but it may be part of what Johnson believes to be Justice Point Security Technologies' name. On the caption to the appendix to his complaint, Johnson identifies a different name, "Justice Point Security Technologies and Devices." I will infer that "Justice Point Security Technologies" and "Device" collectively refer to the entity that Johnson believes is the manufacturer of his electronic monitor, and I will refer to that entity as "Justice Point."

Johnson doesn't discuss any of the defendants in the body of his complaint, and he doesn't match any of the defendants with a particular claim. But, liberally construing the complaint, I understand Johnson to be asserting the following claims:

(1) Carr, Rokus, and the regional chief violated the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment by applying Wis. Stat. § 301.46(2m)(am) to Johnson;

(2) Carr, Rokus, and the regional chief violated the Fourth Amendment by relying on a defective device to determine whether Johnson entered a restricted area; and

3

(3) Justice Point negligently manufactured or designed the electronic monitoring device. I conclude that Johnson's first two claims don't state a claim upon which relief may be granted and that I cannot exercise jurisdiction over his third claim.

**A.  Claim challenging Wis. Stat § 301.46**

Johnson asserts multiple times throughout his complaint that § 301.46(2m)(am) should not apply to him and that the provision violates his rights under the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment. This claim has multiple problems.

As an initial matter, Johnson doesn't clearly explain what conduct of what defendant he is challenging with this claim. Section 301.46 is called "Access to information concerning sex offenders," and the provision Johnson is challenging is about "bulletins to law enforcement agencies." Specifically, § 301.46(2m)(am) requires "the agency with jurisdiction" over a person who has been convicted of a sex offense on "2 or more separate occasions" to notify local law enforcement when the person moves to that community.

Johnson says nothing in his complaint about any of the defendants notifying law enforcement about him. Even if they did, it would not violate the Due Process Clause, the Equal Protection Clause, or the Eighth Amendment. Notifying law enforcement about a sex offender does not deprive the offender of due process or subject him to cruel and unusual punishment. It does treat sex offenders differently from other persons, but the different treatment doesn't violate the Equal Protection Clause because it would be rational for the legislature to conclude that sex offenders create more of a safety risk than others. *See Hope v. Commissioner of Indiana Department of Correction,* 66 F.4th 647, 651 (7th Cir. 2023); *Shaw v.*

*Smith*, 206 Fed. Appx. 546, 548 (7th Cir. 2006); *Thielman v. Leean*, 282 F.3d 478, 485 (7th Cir. 2002); *Fandrich v. Raemisch*, No. 08-cv-726-slc, 2009 WL 62152, at *3 (W.D. Wis. 2009).

Johnson's legal theory appears to be that he has not been convicted of a sex offense on "2 or more separate occasions" because both of his convictions arise out of the same course of conduct. But that is an issue of state-law statutory interpretation that can be raised in a writ of certiorari in state court, not as part of a federal constitutional claim in federal court.

In some parts of his complaint, Johnson appears to be challenging the conditions imposed on him as part of his extended supervision. I understand him to be contending that his freedom of movement should not be restricted, and he should not be subject to electronic monitoring. Johnson appears to believe that the restrictions are the result of § 301.46(2m)(am), but he doesn't explain how. As already discussed, § 301.46(2m)(am) is about notifying law enforcement, not imposing conditions on the offender. But if Johnson means to challenge the conditions of his supervision, that is a challenge to his custody that must be raised in the context of a petition for a writ of habeas corpus after exhausting his remedies in state court. *See Jackson v. Lemmon*, 738 Fed. Appx. 369, 371 (7th Cir. 2018); *Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018); *Williams v. Wisconsin*, 336 F.3d 576, 579–80 (7th Cir. 2003). He cannot challenge those conditions in a civil lawsuit.

I will dismiss Johnson's challenge to § 301.46(2m)(am) because he has not stated a claim under the Due Process Clause, the Equal Protection Clause, or the Eighth Amendment.

**B. Reliance on an electronic monitoring device to arrest Johnson**

I understand Johnson to be contending that the individual defendants violated his right to be free from unreasonable seizures under the Fourth Amendment by authorizing his arrest based on an alert from his electronic monitoring device that he was in a restricted area. He says

5

that an arrest is not justified unless "it is absolutely clear the violation has occurred." Dkt. 1, at 26.

Johnson's claim is based on the wrong standard. Under the Fourth Amendment, an arrest generally must be supported by probable cause that the suspect committed a crime. Probable cause is a far lower standard than "absolutely clear;" it means "a fair probability," *Florida v. Harris*, 568 U.S. 237, 243–44 (2013), which is less than a preponderance of the evidence, *U.S. v. Schenck*, 3 F.4th 943, 948 (7th Cir 2021). When the suspect is under probation or parole conditions, as Johnson was, the standard is lower. At most, an arrest in that context must be supported by a reasonable suspicion that the suspect violated his conditions. *Knox v. Smith*, 342 F.3d 651, 657–58 (7th Cir. 2003). Reasonable suspicion is less than probable cause, but more than a hunch. *U.S. v. Grogg*, 534 F.3d 807, 810 (7th Cir. 2008). An alert from an electronic monitoring device provides much more than a hunch. In fact, at least one court relied primarily on an electronic monitoring device to uphold a conviction that the defendant operated a vehicle while under the influence of alcohol. *See State v. Kandutsch*, 2011 WI 78, ¶¶ 2-3, 799 N.W.2d 865, 336 Wis. 2d 478.

Johnson alleges that his device malfunctioned, and he points to two instances since 2013 when his roommate's electronic monitor falsely indicated that he was in a restricted area. He also alleges that an agent told Johnson's roommate, "this [is] something that happens often" when the roommate's device falsely indicated that the roommate had tampered with the device in early 2023.

These allegations aren't enough to state a claim that Johnson's arrest violated the Fourth Amendment. To begin with, Johnson doesn't say whether his roommate used the same electronic monitor that Johnson uses. Further, one of the instances involving Johnson's

6

roommate was about a false indication of tampering, so even if that type of malfunction "happens often," it would provide little insight into whether the device provides accurate location data. *Cf. Connick v. Thompson,* 563 U.S. 51, 62–63 (2011) (concluding that previous *Brady* violations by employees didn't provide supervisor notice that employees would commit a different kind of *Brady* violation).

In any event, some mistakes in the accuracy of the electronic monitoring device would not show that Johnson's arrest was unsupported by reasonable suspicion. Even in the context of probable cause, the court of appeals has held that an accuracy rate of less than 60 percent for a drug-sniffing dog is sufficient. *See United States v. Bentley*, 795 F.3d 630, 636 (7th Cir. 2015). Reasonable suspicion is a lower standard, and Johnson's allegations do not suggest that his electronic monitor is inaccurate more than occasionally. So he hasn't stated a claim under the Fourth Amendment.

**C. Defective device**

I understand Johnson to contend that the manufacturer of the electronic monitoring device should be held liable because the device is defective. Johnson doesn't identify a legal theory for the manufacturer, but private parties generally can't be sued under the Constitution, *see Blum v. Yaretsky*, 457 U.S. 991, 1004, (1982), so presumably Johnson means to proceed on a theory of negligence or strict liability, *see Morden v. Cont'l AG,* 2000 WI 51, ¶ 42, 235 Wis. 2d 325, 611 N.W.2d 659.

Negligence and strict liability are state-law claims. A court may exercise jurisdiction over a state-law claim in two types of cases. The first is based on 28 U.S.C. § 1367, which applies when a state-law claim arises out of the same circumstances as a federal claim in the same case.

7

I am dismissing all of Johnson's federal claims, so I decline to rely on § 1367 to retain the state-law claims. *See* 28 U.S.C. § 1367(c)(3).

The second basis for exercising jurisdiction over a state-law claim is 28 U.S.C. § 1332, which applies when the plaintiff and defendants are citizens of different states and the amount in controversy is more than $75,000. Under § 1332, the citizenship of an individual is determined by where he is "domiciled," which is where he intends to live for the foreseeable future. *See Heinen v. Northrop Grumman Corp.,* 671 F.3d 669, 670 (7th Cir. 2012). Johnson admits that he lives in Wisconsin, and he identifies no plans to move, so it is reasonable to infer that he is a citizen of this state. The citizenship of a corporation is determined by where it is incorporated and where its principal place of business is. 28 U.S.C. § 1332(c)(1). Johnson doesn't identify the citizenship of the manufacturer, but there is an entity called "Justice Point, Inc." that provides electronic monitoring services and is based in Wisconsin.[2] This suggests that Johnson and Justice Point are citizens of the same state, so I will dismiss Johnson's state-law claims for failure to show diversity of citizenship between Johnson and the manufacturer.

## D. Leave to amend

The general rule is that a plaintiff should have an opportunity to cure the defects in his complaint after a court determines that the complaint fails to state a claim. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015). It seems unlikely that Johnson can add allegations to state a plausible claim for relief, but I will give him an opportunity to do so. If he chooses to amend his complaint, Johnson

---

[2] *See* Justice Point, https://justicepoint.org/; Wisconsin Department of Financial Institutions, https://wdfi.org/apps/corpSearch/Details.aspx?entityID=J036270&hash=1868235661&searchFunctionID=63606375-e00e-4e66-bba7-838ead7c69b9&type=Simple&q=justice+point.

should make it clear in the body of the amended complaint what each defendant did that violated his rights.

ORDER

IT IS ORDERED that Richard Johnson's federal claims are DISMISSED for failure to state a claim and his state-law claims are DISMISSED for lack of subject matter jurisdiction. Johnson may have until June 22, 2023, to file an amended complaint. If Johnson does not respond by then, I will direct the clerk of court to enter judgment and close the case.

Entered June 8, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge